# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **Alford Conley Yates,**     ) | |
| **Plaintiff,**     ) | |
|     ) | |
| v.     ) | No. 1:23cv1808 (RDA/WEF) |
|     ) | |
| **United States Government, et al.,**     ) | |
| **Defendants.**     ) | |

## MEMORANDUM OPINION and ORDER

Alford Conley Yates ("Plaintiff" or "Yates"), a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that he is due "back" disability benefits from the Social Security Administration ("SSA") since 2000. Dkt. No. 1 at 2 (citing "U.S. Code 402 X").[1] Although the matter has not been served, he has also filed a motion for summary judgment demanding the entry of an order directing the SSA to determine the amount of his "back pay," and pay him upon his upcoming release on October 3, 2024. Dkt. No. 5 at 1-2. Because the Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[2] A review of the record establishes that this action must be dismissed because he has failed to establish this

---

[1] Yates appears to be referring to 42 U.S.C. § 402(x).

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

Court has jurisdiction to consider this "claim," and he has failed to state a claim upon which relief can be granted.

## I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Complaint

The complaint names the United States and the Social Security Disability Board of Bristol, Virginia Branch ("Disability Board") as defendants. Dkt. No. 1 at 1. Yates alleges that he was injured in a motor vehicle accident in 1970, found disabled, and "granted full disability for life." Yates received a check $1130 per month until his payments stopped in 2000 when he was incarcerated. Yates further alleges that the benefits can be "reinstated" when he is released, which he states will be on October 3, 2024. *Id.* at 1-2.[3] Yates seeks "back pay" for the 23 years his benefits have been withheld.

## III. Analysis

Yates' complaint fails to establish that this Court has jurisdiction over what is, essentially, a claim against the SSA for the benefits withheld for a 23-to-24-year period while he was incarcerated. If he wants his benefits reinstated and to make a claim for an underpayment, he must start by filing a claim with the SSA and exhaust his claim before that agency. To exhaust, Yates must obtain a final agency decision before he can seek judicial relief.

Even if Yates could establish jurisdiction, to state a cause of action under § 1983, Yates must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct *committed by a person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The United States and other governmental entities, such as the Disability Board, are not "persons" within the meaning of Section 1983. *Polsky v. United States*, 844 F.3d 170, 173 (3d Cir. 2016) (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) (holding that "[t]he United States and other

---

[3] Plaintiff is aware that the SSA is barred by statute from making social security benefits payments to prisoners. *Fowlkes v. Thomas*, 667 F.3d 270, 271-72 (2d Cir. 2012) ("[N]o payments shall be made to prisoners after the Act's enactment, even if the underlying obligation to pay predates the Act."); 42 U.S.C. § 1383(b)(8)(A).

governmental entities are not 'persons' within the meaning of Section 1983."")); *see also Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998) ("We find no authority to support the conclusion that a federal agency is a 'person' subject to section 1983 liability, whether or not in an alleged conspiracy with state actors."); *Hoffman v. HUD*, 519 F.2d 1160, 1165 (5th Cir. 1975) ("[A] federal agency is . . . excluded from the scope of section 1983 liability). Here, it is evident that neither the United States nor the Disability Board are proper parties to a § 1983 action because each cannot be a person acting under color of state law. Consequently, each must be dismissed and any attempt to amend his § 1983 civil action would be futile because there are no state actors or entities involved in SSA determining disability benefits.

The Court is mindful of its responsibility to liberally construe Yates complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yates' complaint might be an attempt to file his disability benefits claim under 42 U.S.C. § 405(g). If that is his intent, there is no evidence before the Court that he has exhausted his administrative remedies—which is the prerequisite to seeking judicial relief.[4] *See Heckler v. Ringer*, 466 U.S. 602, 627 (1984) ("42 U.S.C. § 405(g) with its administrative exhaustion prerequisite provides the sole avenue for judicial review.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976)); 42 U.S.C. § 405(h) ("No action against the

---

[4] In *Fowlkes* the Second Circuit observed that "Congress enacted the No Social Security Benefits for Prisoners Act with the express purpose of '*prohibit[ing] retroactive payments to individuals during periods for which such individuals are prisoners*.'" 667 F.3d at 271 (citation omitted) (emphasis added); *see* 42 U.S.C. § 402(x). The SSA's statutes also provide that "No payment shall be made under this subparagraph to any person during any period for which monthly insurance benefits of such person . . . are subject to nonpayment by reason of section 202(x)(1) [42 USCS § 402(x)(1)] or . . . in the case of a person whose monthly insurance benefits have terminated for a reason other than death, would be subject to nonpayment by reason of section 202(x)(1) [42 USCS § 402(x)(1)] but for the termination of such benefits, until section 202(x)(1) [42 USCS § 402(x)(1)] no longer applies, or would no longer apply in the case of benefits that have terminated." 42 U.S.C. § 402(1)(B); *see also* 42 U.S.C. § 1383(b)(7)(A) ("In the case of payment of less than the correct amount of benefits to or on behalf of any individual, no payment shall be made to such individual pursuant to this subsection during any period for which such individual—(i) is not an eligible individual or eligible spouse under section 1382(e)(1) of this title because such individual is an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility the purpose of which is to confine individuals as described in clause (ii) or (iii) of section 402(x)(1)(A) of this title.").

United States, the Commissioner of Social Security, or any officer or employee thereof shall be bought under section 1331 [the general federal question statute] or 1346 [the statute providing jurisdiction over suits against the United States] of Title 28 to recover on any claim arising under this subchapter."); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1378-79 (11th Cir. 1997) ("In *Heckler*, the Supreme Court construed the 'arising under' phrase broadly 'to include any claims in which both the standing and the substantive basis for the presentation of the claims in the Social Security Act,' including Constitutional challenges to eligibility requirements for payment of benefits under the statute.") (citation omitted). The Supreme Court of the United States has limited the remedies for the denial of social security benefits to those specifically provided for in the Social Security Act. *See Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423-24 (1987)).[5]

In sum, § 1983 is not an avenue for seeking judicial relief from a federal agency, and the Court does not have jurisdiction to potentially provide judicial relief because Yates has not pursued his administrative remedy. For these reasons, this civil action will be dismissed for lack of jurisdiction.[6]

Accordingly, it is hereby

---

[5] The plaintiff may file suit in federal court only after 1) the agency has "finally denied" his claim, or 2) six months have elapsed since his claim was filed and the agency has not yet made a final determination. 28 U.S.C. § 2675(a). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Kokotis v. U.S. Postal Serv.*, 223 F. 3d 275, 278 (4th Cir. 2000) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)). In cases where an amount needs to be determined, the Social Security Act authorizes the Secretary to determine whether "more or less than the correct amount" has been paid. *Sullivan v. Everhart*, 494 U.S. 83, 89 (1990) (42 U.S.C. §§ 404(a)(1)). *See Shipbuilders Council of Am., Inc. v. United States Dep't of Homeland Sec.*, 481 F. Supp. 2d 550, 555 (E.D. Va. 2007) ("In a suit challenging agency action, it is well-settled that the district court must dismiss a complaint for lack of subject matter jurisdiction if the challenged agency action is not 'final' as defined by the APA, 5 U.S.C. § 704." (citing *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 460 (4th Cir. 2004)).

[6] "[F]ederal courts are 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (quoting *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 278 (1977)). "[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted).

**ORDERED** that Plaintiff's Motion for Summary Judgment, Dkt. No. 5, is **DENIED** and this civil action is **DISMISSED WITHOUT PREJUDICE.**

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint with prejudice to Plaintiff, and to close this civil action.

Entered this 22 day of January 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

6